Gilmore, J.
The defendant below, plaintiff in error, was indicted, convicted, and sentenced for burglary.
Omitting the formal parts, the crime is charged in the indictment in these words: “That Joseph Wilson, late of said county, on the 16th day of February, in the year of our Lord one thousand eight hundred and seventy-eight, in the county of Greene aforesaid, in the night season of the same day, to wit, about the hour of twelve at night óf the same day, in the county of Greene aforesaid, into the Saint Bridget’s Church and Meeting House, there situate and being, did willfully, maliciously, burglariously, feloniously, and forcibly break and enter, with intent, then and there, and thereby, the personal goods, chattels, and valuable property of the said Saint Bridget’s Church and Meeting House, then and there being, then and there feloniously, willfully, and burglariously, to steal, take, and carry away.”
The first question presented on the record is this: Should the ownership of the church have been alleged in the indictment ? If so, then this further question arises : Is such ownership alleged ?
1. Sir Edward Coke defines a burglar as follows: “A burglar is, by the common law, a felon, that in the night breaketh and entereth into a mansion house of another, of intent to kill some reasonable creature, or to commit some felony within the same, whether his felonious intent be executed or not.” 3 Inst. 63.
As to burglary in a church, he says : “If a man do break and enter a church in the night, of intent to steal, etc., this is burglary, for ecdesia est domus mansionalis omni~ potentis Dei” lb. 64.
But Lord Hale shows that an indictment for burglary in a church need not lay the offense as committed in a mansion-house. 1 Hale P. C. 556.
In 2 East’s P. C. 512, it is said the offense must be laid to be done in a mansion or dwelling-house, and not in the house of such an one only. “But this rule extends only to the case of burglarly in a private house; for if, as has been hinted before, the offense may be committed by breaking *201 open a church, . . it seems agreed to be more proper to lay the indictment according to the truth of the facts; and therefore stating that the prisoner feloniously and burglariously broke and entered, etc., the parish church of D., etc., is sufficient.”
A parish is one of the ecclesiastical subdivisions of the territory of England, and consists of that circuit of ground which is committed to the charge of one person, or vicar, or other minister having cure of souls therein; and the church therein is endowed with the tithes that arise within the circuit assigned. 1 Bla. Ill, 114. The church belongs to the parish, and hence, in an indictment for burglary in a church, the ownership was properly laid in the parish in which the church was situate.
It therefore clearly appears that in an indictment at common law for burglary in a church, it was necessary to state the ownership of the church in the manner above stated.
We come now to the statute of Ohio, and ask: In an indictment under it for burglary in a church, is it essential that the ownership of the church should be alleged ?
Our statute provides as follows : “ Whoever, in the night season, maliciously and forcibly breaks and enters any dwelling-house, kitchen, smoke-house, shop, office, storehouse, warehouse, malt-house, still-house, mill, pottery, factory, water-craft, school-house, church or meeting-house, barn or stable, or railroad car, car factory, or station-house, with intent to commit a felony, or with intent to steal property, etc., shall, etc.” 74 Ohio L. 248.
In a case of burglary, in a dwelling-house, under a statute in substance the same as the above, the indictment laid the property in Sarah Bowen, a married woman, living apart from her husband, and it appeared that she was in possession of the dwelling-house in question, as dower in the ■estate of a former deceased husband.
The question was not whether it was necessary to allege •ownership in the indictment, but whether it was sufficient to lay it in a married woman; and the court held that it *202 was well laid. In delivering the opinion, Spalding, J.r notices the difference between the common-law definition of burglary, and that given by the statute then under consideration ; the former making it burglary to break and enter the mansion or dwelling-house of another, and the latter any dwelling-house; and he seems to have been in doubt, as to whether, under our statute, it was necessary to-aver ownership at all in an indictment for the burglary of a dwelling-house. This is the only instance in which -I am aware of any doubt being even impliedly expressed upon the subject. In the same case, in determining the degree-of force necessary to be exerted to constitute a breaking in burglary, the court by analogy, followed the common law. While we agree with the court in its conclusion as to the-title that will sustain an allegation of ownership, we do not share in the doubt impliedly expressed as to the necessity' of averring ownership in an indictment for burglary in a dwelling-house. Ducher v. State, 18 Ohio, 308.
In the interpretation of our statute, we will follow the analogies of the common law of burglary, giving to particular words the meanings they have therein acquired."
■ The necessity of this in the present case is obvious. At. common law a man could not commit a burglary in his own mansion or dwelling house. The breaking must be into another’s mansion or dwelling-house. Bishop on Crim. Law, section 104. In au indictment, the rules of criminal pleading require that all the facts constituting the offense-must be specifically set forth, and if any fact or circumstance which is a necessary ingredient in the offense be-omitted in the indictment, such omission vitiates the indictment. The ownership is an essential ingredient in the-offense. Mr. East says: “It is necessary to-ascertain to whom the mansion-house belongs, and to state that with accuracy in the indictment.” 2 East’s P. C. 513.
If we depart from the analogies of the common law, and hold that ownership of the church burglariously broken and entered is not an essential element in the crime of burglary, then it need not be alleged in the indictment; and ad *203 Tiering strictly to the language of our statute a man may be convicted of burglary in any dwelling-house, any office,. any shop, even though they may belong to himself. This-would overthrow the whole theory of the common law in reference to burglary and other kindred offenses against property, in which an offense committed by one person,, against the property of another, is always contemplated. Ve hold, therefore, that .ownership is an essential element in burglary committed in a church, and must be laid in the indictment; but it need not be laid or proved with the-technical strictness that was required at common law. Ducher v. The State, supra; Huling v. The State, 17 Ohio St. 583.
2. Is such ownership sufficiently alleged in this indictment ?
We think not. It is alleged that the burglary was committed in the “ Saint Bridget’s Church and Meeting House.”It does not appear that this is anything more than a name by which a church is known, and can not be regarded as. an averment of ownership. In legal effect it is the same-as if the allegation had been that the burglary was committed in a church, without naming it, which would be-wholly insufficient. Such an allegation is not the equivalent of the “ Store-house of the Gulf Brewery,” as the-property was described in The People v. McClosky, 5 Parker’s C. R. 57. Nor like The State v. Rand, 33 N. H. 216, where the property was described as belonging to and “ being the Bank of New Hampshire Savings Bank, in Concord.” Which cases are cited by counsel for the state in support of the indictment.
Nor is it like Burke v. The State, decided at the present, term, in which the property was described as “ a certain car, belonging to the Pittsburgh, Cincinnati, and St. Louis Railroad Company.” Ante, 79.
To make the allegation in the indictment under consideration, the equivalent of the allegation in either of the cases just cited, it should have been alleged that the “ Saint Bridget’s Church and Meeting House ” belonged to some- *204 person or persons in their own right, or as trustees of some religious sect, denomination, or association, or otherwise, .as the facts required.
For want of such an averment, the indictment does not ■charge a crime, and is, therefore, fatally defective.
The judgment of the court of common pleas is reversed, and the defendant discharged.

Judgment accordingly.